IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03077-RM-KLM

PRESTON B. HENN, individually, and
BETTY D. HENN, individually,

      Plaintiffs,

v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California Corporation,

      Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Defendant Fidelity National Title Insurance Company's Motion for Leave to File Third-Party Complaint Pursuant to Fed. R. Civ. P. 14(a)** [Docket No. 16; Filed March 7, 2013] and **Defendant Fidelity National Title Insurance Company's <u>Corrected</u> Motion for Leave to File Third-Party Complaint Pursuant to Fed. R. Civ. P. 14(a)** [#21; Filed March 11, 2012] (the "Motion"). On April 1, 2013, Plaintiffs filed a Response [#25]. On April 12, 2013, Defendant filed a Reply [#26]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises.

## I. Background

      This matter was initiated by Plaintiffs on November 26, 2012. *See generally Compl.* [#1]. On November 28, 2012, Plaintiffs filed their Amended Complaint in which they assert a claim for breach of contract and a claim for bad faith breach of contract based on

Defendant's denial of benefits under a title insurance policy. *Am. Compl.* [#7] at 6-9.  On

February 22, 2013, Defendant filed a Designation of Non-Parties at Fault Pursuant to Colo.

Rev. Stat. § 13-21-111-.5(3), stating that Jacoby Enterprises, Inc., the Estate of Vince J.

Higens, and Pitkin County Title, Inc., "may be wholly or partially at fault for the claimed

losses or damages that are the subject of this proceeding." *Designation of Non-Parties at*

*Fault* [#14] at 1.

It is undisputed that Defendant issued a title insurance policy to Plaintiffs.  *Am.*

*Compl.* [#7] at ¶ 6; *Ans.* [#13] at ¶¶ 7-8.  It is also undisputed that Plaintiffs were sued in

state court by a non-party regarding an easement the non-party claimed on Plaintiffs'

property. *Am. Compl.* [#7] at ¶¶ 9-17; *Ans.* [#13] at ¶¶ 9, 11-12, 14-16.  Plaintiffs claim that

they made a demand on Defendant for defense and indemnity relating to the action brought

in state court against Plaintiffs and that Defendant breached the title insurance contract by

denying coverage.  *Am. Compl.* [#7] at ¶¶ 18, 38-39, 43, 46, 48-53.  Plaintiffs seek

monetary damages, including the diminution in value of the real property because of the

easement, interest, costs, and attorney's fees.  *Id.* at 9; *Scheduling Order* [#22] at § 5.

Defendant disputes Plaintiffs' allegations and, in its Motion, alleges that the actions

of third-party Pitkin County Title, Inc. ("Pitkin") "caused or contributed to Plaintiffs' damages

and has caused damages to Fidelity." *Motion* [#21] at 4.  Specifically, Defendant avers that

Pitkin violated the agency agreement entered into by Defendant and Pitkin, which

authorized Pitkin to issue title insurance to Plaintiffs on behalf of Defendant, by altering the

title insurance form without Defendant's approval.  *Id.* at 3.  Defendant claims that Pitkin:

> deleted Policy Exceptions 1, 2, 3, and 4, without written authorization from
> Fidelity.  Deleted Policy Exception No. 2 provides that the policy does not
> insure against loss or damages by reason of "Easements, or claims of

2

> Easements, not shown by the public records." Deleted Policy Exception No. 3 provides that the policy does not insure against loss or damage by reason of "Discrepancies, conflicts in boundary lines, shortage in area, encroachments, any facts which a correct survey and inspection of the premises would disclose and which are not shown by the public records."

*Id.* at 3-4.   As a result of Pitkin's actions, Defendant claims that Pitkin "is liable to [Defendant] for all or part of any damages awarded to Plaintiffs, as well as damages incurred by Fidelity in defending against Plaintiff's [sic] claims." *Id.* at 4-5.

In their Response, Plaintiffs argue that because their claims against Defendant and Defendant's claims against Pitkin are based on two separate contracts, the Motion should be denied.   *Resp.* [#25] at 7.   Plaintiffs further argue that the disputes do not share a common factual background.   *Id.* at 8-9.   Finally, Plaintiffs allege that granting the Motion "would significantly prejudice [Plaintiffs], would unnecessarily expand the scope of this litigation, and would complicate the trial." *Id.* at 9.

In its Reply, Defendant argues that granting the Motion will promote judicial economy, will not prejudice Plaintiffs, will not complicate discovery, will not delay the litigation, and that many of the issues that will be litigated between Plaintiffs and Defendant will also be litigated between Defendant and Pitkin.   *Reply* [#26] at 2.

## II. Analysis

Defendants may file a third-party complaint where a third-party defendant "is or may be liable to it for all or part of the claim against it" Fed. R. Civ. P. 14(a)(1).   A claim under Fed. R. Civ. P. 14(a) must depend, at least in part, on the resolution of the primary lawsuit. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 376 (1978).   However, Rule 14(a) "does not require identity between the primary and third-party claims." *Maxfour Eng'rs & Architects, LLC v. ARB, Inc.*, 233 F.R.D. 602, 605 (D. Colo. 2006).   Further, "[t]he fact that

the third-party defendant is not subject to the primary claims asserted by the plaintiff is no obstacle to third-party practice." *Id.* (citations omitted).

"The general purpose of Rule 14 is to settle related matters in one litigation as far as possible and obtain consistent results from identical or similar evidence, thus preventing a duplication of effort for the courts and serving the interests of judicial economy." *Patten v. Knutzen*, 646 F.Supp. 427, 429 (D. Colo. 1986). Federal Rule of Civil Procedure 14(a) "should be liberally construed to accomplish its purpose but it is not a catchall for independent litigation." *U.S. Fidelity & Guar. Co. V. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968). "Whether third-party defendants may be brought in and retained in the action is ordinarily a matter addressed to the sound discretion of the trial judge. If impleading a third party defendant would require the trial of issues not involved in the controversy between the original parties without serving any convenience, there is no good reason to permit the third-party complaint to be filed." *U.S. Fidelity & Guar. Co.*, 388 F.2d at 773 (internal quotation and citation omitted); *Farmers & Merchs. Mut. Fire Ins. Co. v. Pulliam*, 481 F.2d 670, 673 (10th Cir. 1973) (holding that "granting of leave of a defendant to prosecute a third party proceeding under F.R.C.P. 14 rests in the sound discretion of the trial court"). However, "[a] timely motion for leave to implead a third party should be freely granted unless doing so 'would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim.'" *American Intern. Ins. Co. v. Central Sprinkler Co.*, Civil Action No. 09-cv-02098-PAB-KMT, 2012 WL 1413106, at *1 (D. Colo. March 31, 2010). (quoting *Saine v. A.I.A., Inc., 582 F.Supp.* 1299, 1309 (D. Colo. 1984)).[1]

---

[1] The Court notes that Defendant's Motion was timely filed on March 11, 2013, more than two months prior to the May 15, 2013 deadline for joinder of parties. See *Scheduling*

The Court finds that the filing of Defendant's third-party complaint against Pitkin will not "prejudice the plaintiff, unduly complicate the trial, or . . . foster an obviously unmeritorious claim."[2] *American Intern. Ins. Co.*, 2012 WL 1413106, at *1 (quoting *Falcone v. MarineMax, Inc.*, 659 F.Supp.2d, 401 (E.D.N.Y. 2009)).   Here, Plaintiffs argue that Defendant's third-party complaint against Pitkin would "virtually doubl[e] the facts, issues, length and complexity of both discovery and trial." *Resp.* [#25] at 9.   However, Plaintiffs have already indicated that they intend to depose Pitkin as part of the litigation of their claims against Defendant. *Scheduling Order* [#22] at 11.   While some additional discovery may be needed as a result of Defendant's complaint against Pitkin, it will not be so unduly burdensome as to prejudice Plaintiffs, particularly when Plaintiffs already intend to seek discovery from Pitkin.   Further, as Defendant argues, the issues regarding Pitkin's alleged breach of the agency agreement "will be part of the litigation regardless because these issues . . . will be raised by way of [Defendant's] presentation of its defenses to Plaintiffs' claims." *Reply* [#26] at 5.   To the extent Pitkin's alleged negligence in performing it's contract with Defendant or its alleged breach of its contract with Defendant exposed Defendant to the claims asserted by Plaintiff, Defendant's claims against Pitkin "fit nicely

---

*Order* [#22] at § 9(a).

[2] The Court will not address the merits of Defendant's claims against Pitkin at this stage of the litigation, Plaintiffs do not do so and the Court is not required to engage in a detailed analysis of the proposed third-party complaint at this early stage of the litigation.  A simple review of the proposed third-party complaint reveals a document that includes the basic elements of a complaint and attaches documentary support relating to its breach of contract claim.  Furthermore, Defendant filed a Certificate of Review Pursuant to Colo. Rev. Stat. § 13-20-602 [#24].  The Certificate of Review states that "a professional with expertise in the areas of the alleged negligent conduct" alleged against Pitkin in the third-party complaint "reviewed the known facts" and "concluded that the filing of the claims against" Pitkin "does not lack substantial justification within the meaning of Colo. Rev. Stat. § 13-17-102(4)." *Cert. of Review* [#24] at 1-2.

within Rule 14(a)." *Maxfour*, 233 F.R.D. at 605.

Further, the Court has jurisdiction over the proposed third-party claims pursuant to 28 U.S.C. § 1332.  The amount sought exceeds $75,000.  *Third-Party Complaint* [#21-1] at ¶ 4.  As alleged in the proposed third-party complaint, Plaintiffs are citizens of Florida, Defendant is a California corporation, and Pitkin is a Colorado corporation with its principle place of business in Aspen, Colorado.  *Id.* at ¶¶ 1-3.

### III. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#21] is hereby **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Defendant's Third-Party Complaint [#21-1] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendant Fidelity National Title Insurance Company's Motion for Leave to File Third-Party Complaint Pursuant to Fed. R. Civ. P. 14(a) [#16] is **DENIED as moot**.

Dated:  May 21, 2013                    BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge