IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03077-RM-KLM

PRESTON B. HENN and BETTY D. HENN, individually,
        Plaintiffs,
v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California
Corporation,

        Defendant and Third-Party Plaintiff,
v.

PITKIN COUNTY TITLE, INC.,

        Third-Party Defendant.

---

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

---

The parties hereby stipulate:

1.      The purpose of this Stipulated Protective Order is to facilitate expeditious discovery and exchange of information and documents in this litigation and protect the interests of the parties in their confidential and commercially-sensitive information and documents in accordance with Fed. R. Civ. P. 26 (c)(7).

2.      Any party may designate as "Confidential" information in any form that is produced, disclosed or otherwise provided during discovery in this litigation if the parties in good faith believe that there is good cause to treat the information as confidential because it contains non-public financial, trade secret, or commercially-sensitive

information. Nothing in this Stipulation shall prevent a party from arguing that a waiver of confidentiality, attorney/client privilege or work product resulted from disclosure, filing or production of documents and/or information, notwithstanding that such documents are or may be marked "Confidential" in this proceeding. Finally, documents that are filed with any governmental or regulatory agency, such as the Colorado Department of Insurance, which documents are available to the public shall not be treated as "Confidential."

3. To obtain protection from this Protective Order, documents or other information shall be designated as "Confidential" by the party producing them.

4. "Confidential" information other than documents shall be clearly designated as "Confidential" at the time of disclosure, or by a writing from the attorney for the party claiming confidentiality within ten (10) days following receipt of the transcript or other document that formally memorializes the information.

5. This Protective Order shall apply to and govern all documents and information designated as Confidential whether or not such documents or information are informally produced or produced in response to a formal discovery request. The parties may designate responses to discovery requests, deposition transcripts, and exhibits as Confidential and protected by this Order. With respect to deposition testimony, the designation of confidentiality may be made on the record at the time of the deposition, at which time the testimony shall be subject to the full protection of this Order. In the case of testimony not so designated during the course of a deposition,

counsel may, within 10 days of receiving a transcript of the deposition, notify the parties that the deposition testimony contains Confidential material, in which case the testimony shall be subject to the full protections of this Order.

6.     In the event that any party seeks to file a motion, pleading, or other document with the Court that contains or attaches Confidential documents or materials, the party shall confer with the other parties and file a Motion to Restrict Access in accordance with D.C.COLO.LCivR 7.2

7.     If a party inadvertently fails to designate information as "Confidential" when that information is produced, disclosed, or otherwise provided in this litigation, the party shall give notice to the other parties of the inadvertent omission promptly upon discovery thereof, and the information shall thenceforth be treated as if the designation as "Confidential" had been made when the information was first produced, disclosed, or otherwise provided in this litigation.

8.     If a party inadvertently disclosed information it believes is subject to any claim of privilege, it shall give notice to the other parties of the inadvertent disclosure promptly upon discovery thereof.  The party that received the information shall return the information and make no use of it in the case.

9.     "Confidential" information shall be used solely for the purpose of this action (including any appeals), and not in any other litigation, and not for any business or other purpose whatsoever.  "Confidential" information may not be disclosed to anyone unless expressly provided for herein:

a.      A party may, without any waiver of "Confidential" status, disclose to any person "Confidential" information of which it is the source.

b.      A party may disclose "Confidential" information of which it is not the source as follows:

i)      "Confidential" information may be used in the taking of testimony at, or in defending, any deposition, hearing or trial in this action as provided herein.

ii)      "Confidential" information may be used in any oral or written argument in the case, as provided herein.

iii)      "Confidential" information may be shown to any witness or potential witness in interviews or in preparation for any deposition, hearing or trial, and at any deposition, hearing or trial, as provided herein.

iv)      "Confidential" information may be disclosed to the Court and its personnel, including court reporters.

v)      "Confidential" information may be disclosed to employees and members of the law firms of counsel of record (including in-house counsel for the defendant and employees acting on their behalf).

vi)      "Confidential" information may be disclosed to experts and independent consultants engaged by counsel of record, and to employees of such experts or consultants.

vii)      "Confidential" information may be disclosed to all parties,

4

including officers, directors, and employees of defendant FIDELITY NATIONAL TITLE INSURANCE COMPANY and the third party defendant Pitkin County Title, Inc. (and the affiliates, parents and subdivisions of the foregoing), both present and former, who are providing assistance to counsel in the defense of this matter.

viii)  "Confidential" information may be disclosed to any other person if (i) the parties agree after conferring in good faith that the person may have access to "Confidential" information; or (ii) the Court orders upon Motion with good cause shown that the person may have access to "Confidential" information.

10.  With the exception of persons identified in subparts iv), v), vii) and viii) of paragraph 9, no person shall be provided access to Confidential documents or materials unless such individual has (a) read this Order and (b) completed and signed the affidavit provided.  No person entitled to access Confidential documents or materials shall discuss the contents of any such documents and materials with any other individual, except those individuals who also have access pursuant to this order.

11.  Except as otherwise provided in this Order, any disclosure or dissemination of "Confidential" information shall be preceded by execution of an Affidavit substantially in the form attached hereto as Exhibit A.

12.  Although the confidentiality requirements of this Protective Order shall in all other respects apply to the following persons, such Affidavits shall not be required of:

a.  Counsel of record and legal, paralegal, clerical, secretarial, and other persons employed by counsel of record for any party on a regular basis and not

5

solely for purposes of the instant litigation; and

b.     The parties (and their affiliates, parents and subdivisions), or their employees, officers, and directors, to the extent such disclosure is necessary for the carrying out of their respective duties in connection with this litigation.

13.     Counsel of record shall retain throughout this litigation the Affidavits executed by individuals receiving "Confidential" information pursuant to this Protective Order, and shall then exchange them upon request at the conclusion of the litigation (meaning final judgment and exhaustion of all appeals).  If any party has good cause to believe that another party has improperly disclosed "Confidential" information, it may move for an order allowing it to inspect the Affidavits before the conclusion of the litigation.

14.     Each person who reviews or inspects Confidential documents or materials pursuant to this Order shall be brought within the personal jurisdiction of this Court, including its contempt power, by signing a copy of the attached affidavit.  Each person's signature shall be notarized by an officer of a competent jurisdiction.

15.     Within 6 months of the conclusion of this litigation (meaning final judgment and exhaustion of all appeals), everyone other than counsel of record to whom "Confidential" information has been disclosed pursuant to paragraph 7 above shall return that information to the counsel of record who disclosed it; counsel of record shall then arrange for the return at the expense of the designating party of all "Confidential" information and all copies thereof to the party that designated the information as

"Confidential," or shall, at the option of the designating party, arrange for the "Confidential" information and all copies thereof to be destroyed. Upon request, counsel of record shall certify in writing that they have complied with this paragraph. If requested to do so by the counsel of record who disclosed "Confidential" information to them, persons other than counsel of record to whom "Confidential" information has been disclosed also shall certify in writing that they have complied with this paragraph.

16.     Nothing in this Protective Order shall affect the right of any party to seek greater protection than that provided for herein for any information.

17.     If a party objects to another party's designation of information as "Confidential," it shall advise the designating party in writing of the reasons for the objection, and the designating party shall have fifteen days to review the matter. If the designating party decides to retain the "Confidential" designation, the objecting party may move for an order to remove the "Confidential" designation *pursuant to MJ Mix's discovery procedures*. The information at issue shall be treated as "Confidential" until the Court rules on any such motion. For good cause shown, the objecting party may ask the Court to shorten the time periods allowed by this Paragraph.

18.     This Protective Order shall be binding on any future party to this litigation.

19.     This Protective Order shall continue in force after the completion of this litigation.

20.     This Protective Order shall not prohibit a party from disclosing "Confidential" information in response to a subpoena duly served on the party, provided

that the subpoenaed party notifies the designating party, in writing, prior to disclosure and within two (2) business days of receipt of the subpoena, to allow the designating party the opportunity to object or respond to the subpoena, and further provided that the subpoenaed party shall not disclose the "Confidential" information prior to the later of the conclusion of ten (10) days after notice of the subpoena to the designating party, or the time in which the Court rules on any motion objecting to the subpoena filed by the designating party within such ten (10) day period.

21.    In entering into this Protective Order, the parties preserve all rights and objections they may have to the use in this lawsuit of "Confidential" information.

22.    This stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

SO STIPULATED:

This 23rd day of October , 2013.

Respectfully submitted,

By: _____ s/Robert C. Podoll _____
        Robert C. Podoll, Esq. (rob@podoll.net)
        Robert A. Kitsmiller, Esq. (bob@podoll.net)
        PODOLL & PODOLL, P.C.
        5619 DTC Parkway, Suite 1100
        Greenwood Village, Colorado 80111-3064
        *Attorneys for Plaintiffs*

By: _____s/Mary A. Wells_____
           Mary A. Wells, Esq. (mwells@warllc.com)
           Rachel Ollar Entrican, Esq.
           rentrican@warllc.com)
           WELLS, ANDERSON & RACE, LLC
           1700 Broadway, Suite 1020
           Denver, Colorado 80290
           ***Attorneys for Defendant***
           ***Fidelity National Title Insurance Company***

By: _____s/Maria Morrow_____
           Maria Morrow, Esq. (maria@okglaw.com)
           OATES KNEZEVICH GARDENSWARTZ
           KELLY & MORROW, P.C.
           533 East Hopkins Avenue, 3rd Floor
           Aspen, Colorado 81611
           ***Attorney for Third-Party Defendant***
           ***Pitkin County Title, Inc.***

SO ORDERED.

October 23, 2013

*[signature]*

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03077-RM-KLM

PRESTON B. HENN and BETTY D. HENN, individually,

     Plaintiffs,

v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California
Corporation,

     Defendant and Third-Party Plaintiff,

v.

PITKIN COUNTY TITLE, INC.,

     Third-Party Defendant.

---

## AFFIDAVIT PURSUANT TO STIPULATED PROTECTIVE ORDER

---

STATE OF _____    )
                                       ) ss:
COUNTY OF _____    )

_____, being first duly sworn, upon his or her oath,
deposes and says:

10

1.      I have been provided copies of, or access to, documents and/or materials marked "Confidential" that are subject to a Protective Order in the above-captioned action.

2.      I have read all of the provisions of the Protective Order and agree to be bound by the Protective Order.  I agree to subject myself to the jurisdiction of the United States District Court for the District of Colorado with respect to enforcement of the Protective Order.

3.      I certify that at the conclusion of this action, I will return all Confidential documents or other materials, including all copies or reproductions, to the attorney from whom the documents or materials were received.

Dated this ____ day of _____, 20__.


_____


SUBSCRIBED AND SWORN to before me this _____ day of _____, 2013.


_____
NOTARY PUBLIC

My Commission Expires:


_____