**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-03077-RM-KLM
(Consolidated with Civil Action No. 13-cv-01217-PAB-BNB)

PRESTON B. HENN and BETTY D. HENN, individually,

    Plaintiffs,

v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California Corporation,

    Defendant and Third-Party Plaintiff,

v.

PITKIN COUNTY TITLE, INC.,

    Third-Party Defendant.

---

**ORDER:
(1) GRANTING DEFENDANT/THIRD-PARTY PLAINTIFF
FIDELITY NATIONAL TITLE INSURANCE COMPANY'S
MOTION TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42(a) (ECF No. 51);
AND
(2) DENYING THIRD-PARTY DEFENDANT PITKIN COUNTY TITLE, INC.'S
MOTION TO DISMISS THE THIRD PARTY COMPLAINT (ECF No. 58)**

---

THIS MATTER comes before the Court on: (1) Defendant/Third-Party Plaintiff Fidelity National Title Insurance Company's ("Fidelity") Motion to Consolidate Pursuant to Fed.R.Civ.P 42(a) ("Motion to Consolidate") (ECF No. 51), requesting an Order consolidating into this case the action titled *Fidelity National Title Insurance Company v. Pitkin County Title, Inc.*, Civil Action No. 13-cv-01217-PAB-BNB ("Stand-Alone Action"); and (2) Third-Party Defendant

Pitkin County Title, Inc.'s ("Pitkin") Motion to Dismiss the Third-Party Complaint ("Motion to Dismiss") (ECF No. 58), requesting a dismissal of the Third-Party Complaint to allow the Stand-Alone Action to proceed. The Court has reviewed the Motion to Consolidate, the Motion to Dismiss, the Court's files in this action and in the Stand-Alone Action, and the applicable law. Based on the current record, the Court finds the two actions should be consolidated and the motion to dismiss should be denied.

## I.  BACKGROUND

In connection with Plaintiffs' purchase of real property in Aspen, Colorado, they obtained a title insurance policy ("Policy") from Pitkin underwritten by Fidelity. Westpac Aspen Investments LLC, the owner of adjoining property, filed suit in state court against Plaintiffs claiming an unrecorded easement on their property and obtained preliminary injunctive relief. Thereafter, Plaintiffs demanded Fidelity to defend and indemnify pursuant to the Policy. When Plaintiffs and Fidelity could not resolve issues involving the Policy, Plaintiffs filed the instant action before this Court asserting claims for breach of contract and bad faith breach of contract. Plaintiffs' alleged damages consist of attorney's fees incurred in defense of the state court action and the diminution in value of the property due to the claimed easement.

In response, Fidelity asserts, among other things, that Plaintiffs had knowledge of the easement prior to the issuance of the Policy of which they failed to notify Fidelity, in breach of the Policy provisions and their duty of good faith and fair dealing, and which prejudiced Fidelity and relieved it from any liability. Also in response, Fidelity moved to file a third-party complaint against Pitkin, which motion was granted over Plaintiffs' objections by the Magistrate Judge in her Order ("Order") dated May 21, 2013 (ECF No. 33).

In the Third-Party Complaint, Fidelity alleges Pitkin was negligent and breached an Issuing Agency Agreement ("Agreement") by issuing the Policy which deleted certain policy exceptions without Fidelity's approval and without requiring a survey or inspection of the property. The deleted exceptions allegedly provide that Fidelity did not insure against loss by reason of unrecorded easements and/or by reason of unrecorded discrepancies which a correct survey and/or inspection would have disclosed. If Fidelity is found liable to Plaintiffs, then Fidelity seeks as damages: (1) the amounts expended in connection with the state court action, including attorney's fees and costs in defending, and judgments and settlements paid on behalf of, Plaintiffs in that action; (2) attorney's fees and costs in defending against Plaintiffs' action before this Court; and (3) attorney's fees and costs in prosecution of the third-party action against Pitkin.

Pitkin asserts the parties agreed to liquidated damages in the event the Agreement was breached. Pitkin also represented it intends to file a motion to add a claim against Plaintiffs for declaratory judgment/reformation of the Policy alleging: (1) Plaintiffs paid no consideration for the Policy; and (2) a current survey and the payment of a fee were conditions to Pitkin's commitment to delete or insure over the exceptions, neither of which were satisfied. Accordingly, Pitkin contends, the Policy provides Plaintiffs no insurance coverage for the unrecorded easement. (ECF No. 48, pages 8-9.)

**II.    PITKIN'S MOTION TO DISMISS.**

Pursuant to Fed.R.Civ.P. 14(a), a defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. The general purpose of Rule 14 is to settle related matters in one litigation and obtain

consistent results from identical or similar evidence, thereby preventing a duplication of efforts for the courts and serving the interests of judicial economy, convenience and fairness to the parties. *RAF Fin. Corp. v. Resurgens Commun. Group, Inc.*, 127 B.R. 458, 465 (D. Colo. 1991). "A claim under Rule 14(a) must depend, at least in part, upon the resolution of the primary lawsuit." *MaxFour Eng. & Architects, LLC v. ARB, Inc.*, 233 F.R.D. 602, 605 (D. Colo. 2006). It does not, however, require identity between the primary and third-party claims or that the third-party defendant be subject to the primary claims asserted by the plaintiff. *Id.* at 605. The grant or denial of leave to prosecute a third-party proceeding rests in the sound discretion of the trial court. *Farmers & Merchants Mut. Fire Ins. Co. v. Pulliam*, 481 F.2d 670, 673 (10th Cir. 1973).

Pitkin asserts the Third-Party Complaint fails to meet the requirements of Fed.R.Civ.P. 14, arguing there is no pass-through liability and no contingent connection between Plaintiffs' claims and the third-party claims. Pitkin contends there are no common issues of disputed facts and no overlapping legal issues between the claims in the Complaint and the Third-Party Complaint, so no efficiencies would be gained. Pitkin also declares there is no dispute regarding the issuance and existence of the Policy or its terms, and the only dispute with Plaintiffs is whether, under the terms of the Policy, Fidelity was entitled to deny coverage. (ECF No. 58, pages 3 & 11.)

Fidelity, on the other hand, argues its claims against Pitkin are dependent on the outcome of the main claim (Plaintiffs' claims) and Pitkin has pass-through liability or is secondarily liable to Fidelity for Plaintiffs' claimed damages. Fidelity contends its defenses to Plaintiffs' claims are based on the same set facts and circumstances as those surrounding its claims against Pitkin,

including the contention that a correct survey of the property would have revealed the unrecorded easement. Fidelity argues that, under the terms of the Agreement, Pitkin is liable for Fidelity's "loss," which includes sums paid or to be paid by Fidelity to settle or compromise claims under the Policy, and attorney's fees and costs paid or incurred in connection with litigation or settlement of such claims.

In a well-reasoned Order, the Magistrate Judge addressed some of the arguments raised by Pitkin's Motion to Dismiss which this Court will not revisit. In addition, Pitkin's declaration that there is no dispute regarding the issuance and existence of the Policy or its terms is belied by Fidelity's defenses to the main claims as well as Pitkin's own representations in the Scheduling Order. Moreover, based on Fidelity's submissions concerning Pitkin's contractual obligation to reimburse Fidelity for its losses, in essence, Fidelity's claims include a request for indemnity should it be determined liable to Plaintiffs under the Policy. *See Black's Law Dictionary* 837 (9th ed. 2009) ("indemnity" includes the duty to make good any loss or the right of an injured party to claim reimbursement for its loss). Accordingly, dismissal is unwarranted.

### III.     FIDELITY'S MOTION TO CONSOLIDATE.

Pursuant to Fed.R.Civ.P. 42(a), the Court may consolidate actions which involve a common question of law or fact. *See also* D.C.COLO.LCivR 40.1(c)(4)(C) & 42.1. Consolidation permits a single trial of more than one case on the Court's docket or of issues within those cases. 9A Charles A. Wright, Arthur R. Miller, Mary K. Kane, Richard L. Marcus and Adam N. Steinman, *Federal Practice & Procedure* § 2381 (3d ed. 2013) ("*Wright & Miller*"). The objective is to give to the Court broad discretion to decide how cases on its docket are to be tried so that the business of the Court may be handled with expedition and economy

while providing justice to the parties.  *Wright & Miller*, *supra; see Harris v. Illinois–Cal. Exp. Inc.,* 687 F.2d 1361, 1368 (10th Cir.1982); *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  Thus, in exercising its discretion under Rule 42(a), the Court should consider judicial economy and fairness to the parties.

In this case, judicial economy would be served by consolidation.  The third-party claims and the claims in the Stand-Alone Action are identical, *i.e.,* they involve the same parties, the same claims, and virtually identical allegations.  Further, Fidelity's claims and alleged damages against Pitkin are contingent, in whole or in part, on the resolution of and arise from Plaintiffs' claims against Fidelity, all of which include resolving the facts and circumstances surrounding the issuance of the Policy.  Common questions of fact and law include whether a survey of the property was required and whether Plaintiffs knew about the easement prior to the issuance of the Policy and failed to notify Fidelity or Pitkin.  The papers before the Court show there is a complete overlap of legal and factual issues between Fidelity's two actions against Pitkin, and material overlap between those two actions and Plaintiffs' main action against Fidelity, sufficient to establish consolidation of the Stand-Alone Action with the action before this Court is appropriate.

Correspondingly, the Court finds consolidation would not unfairly prejudice any party.  Neither Plaintiffs[1] nor Pitkin will suffer undue inconvenience, delay, or expense.  No scheduling order has been issued in the Stand-Alone Action and the Scheduling Order entered before this Court already includes Pitkin as a participating third-party.  Further, that Scheduling Order shows an overlap in the parties' expert and fact witnesses and, therefore, a substantial likelihood

---

[1] Plaintiffs took no position on the Motion to Consolidate.

of common documents at issue.  Also, as previously stated, the parties' positions show an overlap on issues to be litigated.  These factors weigh in favor of consolidation.

### IV.     CONCLUSION.

For the reasons stated above, based on the record before it, the Court **ORDERS** as follows:

1. Pitkin's Motion to Dismiss (ECF No. 58) is **DENIED**;

2. Fidelity's Motion to Consolidate (ECF No. 51) is **GRANTED**.  The action titled *Fidelity National Title Insurance Company v. Pitkin County Title, Inc.*, Civil Action No. 13-cv-01217-PAB-BNB, is hereby consolidated with this action, 12-cv-03077, for all purposes, with 12-cv-03077 as the lead case;

3. All future filings in either action shall bear the above caption and be docketed under Civil Action No. 12-cv-03077-RM-KLM;

4. Civil Action No. 13-cv-01217 shall hereafter be **REASSIGNED** and referred to the Magistrate Judge assigned to the lowest case number, Magistrate Judge Mix; and

5. The Clerk of the Court shall docket this Order in Civil Action No. 12-cv-03077 and 13-cv-01217.

DATED this 17th day of December, 2013.

                                        BY THE COURT:

                                        _____
                                        RAYMOND P. MOORE
                                        United States District Judge