IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03077-RM-KLM
(Consolidated with Civil Action No. 13-cv-01217-RM-KLM)

PRESTON B. HENN, individually, and
BETTY D. HENN, individually,

    Plaintiffs,

v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California Corporation,

    Defendant/Third-Party Plaintiff,

v.

PITKIN COUNTY TITLE, INC.,

    Third-Party Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Unopposed Motion of Defendant/Third-Party Plaintiff Fidelity National Title Company to Stay Ruling on Motion for Protective Order Filed by Non-Party Residences at Little Nell Development** [#91][1] (the "Motion").

In the Motion, the parties jointly request a stay of the briefing and resolution of Interested Non-Party The Residences as Little Nell Development, LLC's Motion for Protective Order [#88] (the "Motion for Protective Order"). The Motion for Protective Order

---

[1] "[#91]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

1

relates to whether a document that has already been produced by the non-party with redactions must be produced without redactions. On February 21, 2014, the Court received an email from counsel for Defendant/Third-Party Plaintiff (the "Email"). In the Email, Defendant/Third-Party Plaintiff's counsel stated:

> This is to inform the court that today, February 21, settlement was reached as to the claims of Plaintiffs against Defendant. No resolution has been reached with respect to the third party claims pending against Pitkin County Title.

As a result, once Plaintiffs file dismissal papers, the only remaining claims will be the claims brought by Defendant/Third-Party Plaintiff against Third-Party Defendant. In the Motion, Defendant/Third-Party Plaintiff states that "[i]t is unclear at this point whether the unredacted [document] will be necessary for the litigation of [Defendant/Third-Party Plaintiff's] claims against [Third-Party Defendant]." *Motion* [#91] at 3.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55.

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2

(citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

In this case, a stay of the briefing and resolution of the Motion for Protective Order would apparently not prejudice or burden the parties or the non-party movant, as the non-party joins in Defendant/Third-Party Plaintiff's Motion and Third-Party Defendant does not oppose the Motion. *Motion* [#91] at 2. Therefore, the Court finds that the first and second *String Cheese Incident* factors weigh in favor of a stay. With regard to the third factor, it is certainly more convenient for the Court to enter a stay while the parties and non-party determine if the dispute regarding the redacted document can be resolved without motion practice. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay. With regard to the fourth factor, there are no other non-parties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay. With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court and litigants serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay of resolution of the Motion for Protective Order.

IT IS HEREBY **ORDERED** that the Motion [#91] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that resolution of Interested Non-Party The Residences at Little Nell Development, LLC's Motion for Protective Order [#88] is stayed until either (1) a notice is filed stating that the parties and non-party movant The Residences at Little Nell Development, LLC ("RLND") wish to proceed with briefing the Motion for Protective Order

[#88], in which case the Court will set a briefing schedule for the Motion for Protective Order [#88], or (2) non-party RLND files a notice withdrawing the Motion for Protective Order [#88].

Dated: March 19, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge