IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03077-RM-KLM
(Consolidated with Civil Action No. 13-cv-01217-RM-KLM)

PRESTON B. HENN, individually, and
BETTY D. HENN, individually,

     Plaintiffs,

v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California Corporation,

     Defendant/Third-Party Plaintiff,

v.

PITKIN COUNTY TITLE, INC.,

     Third-Party Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Third-Party Defendant's **Motion to Allow Two Employee Depositions in the Depositions Allowed Pursuant to the Court's Minute Order of April 3, 3024, Extending Discovery Cut-Off** [#102][1] (the "Motion"). Third-Party Defendant has failed to comply with D.C.COLO.LCivR 7.1(a), which provides as follows:

> Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

In the Motion, Third-Party Defendant fails to state whether the Motion is opposed and

---

[1] "[#102]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

1

whether counsel conferred regarding the requested relief.  The Motion may be denied on this basis alone.  Accordingly,

    IT IS HEREBY **ORDERED** that the Motion [#102] is **DENIED without prejudice**.

Dated:  April 16, 2014