IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03077-RM-KLM
(Consolidated with Civil Action No. 13-cv-01217-RM-KLM)

PRESTON B. HENN, individually, and
BETTY D. HENN, individually,

    Plaintiffs,

v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California Corporation,

    Defendant/Third-Party Plaintiff,

v.

PITKIN COUNTY TITLE, INC.,

    Third-Party Defendant.

_____

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant/Third-Party Plaintiff Fidelity National Title Insurance Company's Motion to Stay Proceedings** [#68][1] (the "Motion") and **Pitkin County Title's Motion to Join in Fidelity National Title Insurance Company's Motion to Stay Proceedings [Doc. No. 68]** [#108] (the "Joinder Motion"). When filed, the Motion was opposed by Plaintiffs. *Motion* [#68] at 2. On April 18, 2014, Plaintiffs and Defendant/Third-Party Plaintiff filed their Joint Motion to Dismiss Complaint

---

[1] "[#68]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

[#110], which states that all claims Plaintiffs assert against Defendant/Third-Party Plaintiff have been resolved. Accordingly, Plaintiffs' opposition to the Motion is no longer relevant to resolution of the Motion. Third-Party Defendant does not oppose the Motion and recently file a joinder motion. *See generally Defendant/Third-Party Plaintiff Fidelity National Title Insurance Company's Status Report Re: Motion to Stay Proceedings* [#76]; *Joinder Motion* [#108]. Accordingly, the Court treats the Motion as unopposed.

In the Motion, Defendant/Third-Party Plaintiff requests a stay of all proceedings in this case while a related state-court case, *Westpac Aspen Investments LLC v. Preston B. Henn, et al.*, (the "State Court Action") proceeds. *Motion* [#68] at 4. Defendant/Third-Party Plaintiff explains that the State Court Action involves a dispute about an easement and that the instant action involves claims relating to a title insurance policy relating to the real property at issue in the State Court Action. *Id.* at 2. As a result, Defendant/Third-Party Plaintiff argues that "[i]f this case proceeds to trial prior to the resolution of the [State Court Action], there is a significant risk that there will be inconsistent verdicts regarding the existence of an easement, Plaintiffs' entitlement to damages, or the amount of Plaintiffs' damages, if any." *Id.* at 4

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55.

When exercising its discretion to enter a stay, the Court considers the following

2

factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

In this case, a stay of all proceedings would apparently not prejudice or burden Defendant/Third-Party Plaintiff or Third-Party Defendant, as the Motion is support by both parties who will move forward with this litigation after Plaintiffs' claims are dismissed. *See generally Defendant/Third-Party Plaintiff Fidelity National Title Insurance Company's Status Report Re: Motion to Stay Proceedings* [#76]; *Joinder Motion* [#108]. Therefore, the Court finds that the first and second *String Cheese Incident* factors weigh in favor of a stay. With regard to the third factor, it is certainly more convenient for the Court to enter a stay while the parties litigate the underlying easement issue in state court. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay. With regard to the fourth factor, there are no other non-parties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay. With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court and litigants serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

While the *String Cheese Incident* factors weigh in favor of a stay of proceedings, a stay of indeterminate length is undesirable. The Court finds that the same analysis that

would support a stay in this case supports administrative closure pursuant to D.C.COLO.LCivR 41.2. *Cf. Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987) (construing an order for administrative closure "as the practical equivalent of a stay."); *Lavallee v. Crocs, Inc.*, No. 09-cv-02730-PAB-KLM, 2012 WL 5897186, at *2 (D. Colo. Nov. 20, 2012) (noting that "administratively closing a case is the practical equivalent of a stay"). This will allow the Court to retain jurisdiction over the case but to remove the case from the Court's active files. *See Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 715 (5th Cir. 2002) ("the administrative closure reflects nothing more than the federal courts' overarching concern with tidy dockets").

Accordingly, for the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#68] and the Joinder Motion [#108] are **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that this case is **STAYED** until further order of the Court.

The Court respectfully **RECOMMENDS** that the case be **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2, subject to reopening for good cause after resolution of the State Court Action. *See Callies v. Lane*, No. 13-cv-00484-CMA-KLM, 2013 WL 6670283, at *1 (D. Colo. Dec. 18, 2013) (adopting Recommendation that case be administratively closed while underlying state court action proceeds); *Tru-Balance, LLC v. Alcoa, Inc.*, No. 11-cv-01127-CMA-BNB, 2012 WL 917271, at *1 (D. Colo. March 16, 2012) (adopting recommendation that granted motion for stay and recommended administrative closure).

The Court FURTHER **RECOMMENDS** that the District Judge order that either party may move to reopen this case for good cause within 21 days of the final resolution of the State Court Action.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 18, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge