# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 12-cv-03077-RM-KLM
(Consolidated with Civil Action No. 13-cv-01217-RM-KLM)

FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California corporation,

     Plaintiff,

v.

PITKIN COUNTY TITLE, INC.

     Defendant.

_____

## ORDER
_____

This matter is before the Court on Plaintiff Fidelity National Title Insurance Company's Unopposed Motion for Restricted Access Regarding Fidelity's Motion for Appellate Attorneys' Fees and Costs and its Supporting Exhibits ("Motion") (ECF No. 316). Specifically, Plaintiff requests a Level 1 restriction on the following: (1) its motion for appellate attorney's fees (ECF No. 317); (2) its affidavit in support of such fees; and (3) the redacted billing statements. Plaintiff asserts such documents contain confidential information such as the services performed, payments made to counsel, negotiated hourly rates, litigation tactics, and communications protected by the attorney-client privilege and work product doctrine. Plaintiff asserts that disclosure of this information would injure it in future lawsuits. Finally, Plaintiff contends no alternative to restriction is practical. The Court disagrees.

The Court finds the motion contains no confidential information; the amount of fees and costs sought by Plaintiff is not confidential. If that were the case, then every motion for fees would be subject to restriction. The same holds true for Ms. Well's affidavit filed in support of

the motion for fees. Plaintiff argues its hourly rates are negotiated through a private contract, but the Court rejects this argument as surely all rates between an attorney and the client are negotiated through a private contract. Finally, the Court finds the billing statements themselves are subject to disclosure as they are redacted; what limited unredacted information that is revealed fails to disclose any attorney-client communication, attorney work product, or confidential information which would result in a clearly defined and serious injury. Contrary to what Plaintiff summarily claims, a reviewer may not glean litigation strategy for future lawsuits from the filings. *See JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.,* 754 F.3d 824, 826-7 (10th Cir. 2014) ("To overcome this presumption against sealing, the party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." (quotation marks and citation omitted)); D.C.COLO.LCivR 7.2 (setting forth movant's burden to show public access should be denied). It is therefore

ORDERED that Plaintiff Fidelity National Title Insurance Company's Unopposed Motion for Restricted Access Regarding Fidelity's Motion for Appellate Attorneys' Fees and Costs and its Supporting Exhibits (ECF No. 316) is DENIED; and it is

FURTHER ORDERED that the Clerk shall unrestrict ECF No. 317, 317-1, 317-2, and 317-3.

DATED this 9th day of April, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge